UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03060-WLH-AGR | Date | April 15, 2026 |
| Title | *Emily A. Done v. Lululemon USA Inc. et al* | | |

Present: The Honorable    WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND [14]**

The Court is in receipt of Plaintiff's Motion to Remand (the "Motion"). (Mot., Dkt. No. 14). The Motion is fully briefed. For the reasons stated herein, Plaintiff's Motion is **DENIED**.

## I.    BACKGROUND

On August 12, 2025, Plaintiff Emily A. Done filed a putative wage-and-hour class action against Defendant Lululemon USA, Inc. ("Defendant" or "lululemon") and DOES 1 to 100, inclusive (collectively, "Defendants") in the Superior Court of California, County of Riverside. (Notice of Removal ("Notice"), Dkt. No. 1 at 2). The Complaint asserts eight causes of action for: (1) failure to pay wages for all hours worked, (2) failure to pay overtime, (3) failure to provide meal periods, (4) failure to provide rest periods, (5) failure to provide legally compliant lactation breaks, (6) failure to pay wages for paid sick days at the regular rate of pay, (7) failure to pay final wages at the separation of employment, and (8) unfair business practices in violations of California Business & Professions Code § 17200, et seq. (*See generally* Compl., Dkt. No. 1-2, Ex. A). The Summons and Complaint were served on October 8, 2025. (Notice ¶ 5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

On November 7, 2025, Defendant lululemon removed the action to this Court, stating that the Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. § 1441(a).  (*Id*. at 5).  In support of its removal, Defendant lululemon submitted a declaration of Anni Lam, an employment paralegal employed by Defendant lululemon, who reviewed the employee records and personnel files and declared the following:

> lululemon's records indicate that at least 8,000 persons would be class members per Plaintiff's class definition, measured from September 3, 2021 to September 3, 2025[;]
>
> lululemon's records further indicate that those 8,072 putative class members worked 501,387 workweeks during the class period (from September 3, 2021 to September 3, 2025)…[;]
>
> A week in which any putative class member worked at least one day constitutes a workweek as to that person[;] …
>
> lululemon's records indicate 4,824 putative class members had their employment by lululemon conclude between September 3, 2022 and September 3, 2025…[;]
>
> 76,622 pay periods between September 3, 2024 and September 3, 2025 …[; and]
>
> the average rate of pay per hour for putative class members during the relevant four-year period equaled $19.69 ….

(Declaration of Anni Lam in Support of Notice of Removal ("Lam Decl."), Dkt. No. 1-6).

On March 16, 2026, Plaintiff filed this instant Motion.  (*See generally* Mot.).  Defendant lululemon filed an Opposition, (Opp'n, Dkt. No. 16), and Plaintiff filed a response to that Opposition (Reply, Dkt. No. 18).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

## II.     LEGAL STANDARD

CAFA evinces "a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Jauregui v. Roadrunner Transportation Servs.*, Inc., 28 F.4th 989, 993 (9th Cir. 2022) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).  As such "no antiremoval presumption attends cases invoking CAFA[.]" *Dart Cherokee*, 574 U.S. at 89.  Still, a case may only be removed pursuant to CAFA when certain jurisdictional requirements are met.  28 U.S.C. § 1332(d).

Under the CAFA, federal courts have "jurisdiction over class actions where there are at least 100 class members, at least one plaintiff is diverse in citizenship from any defendant, and the amount in controversy exceeds $5,000,000." *Lopez v. Advanced Drainage Sys., Inc.*, 777 F. Supp. 3d 1100, 1104 (N.D. Cal. 2025) (citing 28 U.S.C. § 1332(d)(2), (d)(5)(B)).  CAFA requires a removing defendant to provide a "short and plain statement of the grounds for removal." *Dart Cherokee*, 574 U.S. at 87 (2014); 28 U.S.C. § 1446(a).  The notice of removal "need include only a plausible allegation that the amount-in-controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.   "[D]efendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'" *Jauregui*, 28 F.4th at 992 (citing *Dart Cherokee*, 574 U.S. at 87).  However, "[w]hen a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" (*Id.* (citing *Dart Cherokee*, 574 U.S. at 88)).  A defendant "must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million,' as long as the reasoning and underlying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

assumptions are reasonable." *Jauregui*, 28 F.4th at 993 (quoting *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)).  A defendant's assumptions, however, "cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

### III.    DISCUSSION

Plaintiff filed the instant Motion, arguing that the case should be remanded because "Defendant has not shown by a preponderance of the evidence that total amount in controversy exceeds $5,000,000" under the CAFA.  (Mot. at 1).  Plaintiff only contests the amount in controversy requirement and class size requirements, conceding the citizenship requirement.  (*See generally,* Mot.).  Plaintiff argues that Defendant lululemon "failed to provide any competent evidence of the number of putative class members, the numbers of workweeks or pay periods worked during the class period, the number of employees who ended their employment with lululemon since September 3, 2022, or the average hourly rate of pay for putative class members from September 3, 2021 to September 3, 2025," (*Id*. at 8).  Plaintiff also argues that Defendant lululemon's amount in controversy calculation is unsupported.  (*Id*.).  The Court will address each in turn.

#### A. Defendant's Declaration

As an initial matter, Plaintiff's assertion that Defendant lululemon failed to provide competent and admissible evidence because it "only" submitted the Declaration of Anni Lam is unavailing.  *See Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 398 (9th Cir. 2010) (reversing the district court's denial of a motion to remand and holding that the defendant's declaration is sufficient evidence because plaintiff failed to present evidence to the contrary); *see also Andrade v. Beacon Sales Acquisition, Inc.*, 2019 WL 4855997, at *4 (C.D. Cal. Oct. 1, 2019) (holding "a declaration from a knowledgeable employee

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

based on her analysis of regularly kept and created business records" to be sufficient);
*Alvarez v. Office Depot, Inc.*, 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017)
(holding "that the evidence [d]efendant provides through [its employee's] declaration is
acceptable for purposes of determining the CAFA amount in controversy.").

Plaintiff has failed to present any evidence to the contrary that the requirements
under the CAFA have not been satisfied.  Moreover, "district courts have held that
declarations without more were sufficient evidence in light of allegations made in the
complaints." *Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175, 1186 (E.D. Cal. 2020).  Thus,
the Court finds that a declaration from a knowledgeable person, such as Anni Lam who is
an employment paralegal, is competent evidence.

### B. Numerosity Requirement

CAFA jurisdiction is only appropriate when there are at least 100 proposed class
members.  28 U.S.C. § 1332(d).  Plaintiff argues that Defendant lululemon failed to
provide any competent evidence that the numerosity requirement is met.  (*Id*. at 8).  The
Court disagrees.  The Complaint incorporates the allegation that the Class is defined as
"[a]ll current and former hourly non-exempt employees employed by Defendants as
direct employees as well as temporary employees employed through temp agencies in
California at any time from four (4) years prior to the filing of the initial Complaint…".
(Comp. ¶ 51).  Under the preponderance of the evidence standard, the Court "may
consider facts presented in the removal petition as well as 'summary-judgment type
evidence relevant to [CAFA's threshold requirements] at the time of removal.'"  *See
Hayrapetyan v. Am. Int'l Grp.*, 2010 WL 2044521, at *1 (C.D. Cal. May 18, 2010)
(*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).
Here, instead of submitting "summary judgment type evidence," Defendant lululemon
proffers a declaration from Anni Lam.  (*See generally* Lam Decl.).  Lam, under penalty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

of perjury, states that she obtained and reviewed Defendant lululemon's employee records and identified at least 8,000 putative class members during the class period. (Lam Decl. ¶¶ 5-6). Accordingly, the Court finds that Defendant lululemon has met its burden as to the numerosity requirement.

### C. Amount in Controversy Requirement

The Court must next determine whether Defendant lululemon's assumptions justifying its amount in controversy estimates are reasonable—namely, the calculations of (1) failure to provide meal periods and (2) failure to provide rest periods. Because Defendant lululemon's reasonable calculations of the damages stemming from alleged meal and rest period claims exceed the requisite amount in controversy, the Court need not delve into the remaining assumptions.[1] The Court need only address Plaintiff's objections to the competency and reliability of Defendant lululemon's evidence supporting their Notice and the reasonableness of Defendant lululemon's meal and rest break premiums violations.

### 1. Assumptions Related to Meal and Rest Break Premiums

California Labor Code § 226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period." The penalty for violation of section 226.7(b) is "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Labor Code § 226.7(c). "Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than

---

[1] Defendant lululemon's amount in controversy calculations did not include the amounts for every claim. Specifically, Defendant lululemon only estimated the amounts in controversy for the third, fourth, and seventh claim, because these claims alone exceeded the requisite amount in controversy. Defendant lululemon did not estimate the amount in controversy for the remaining claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

thirty (30) minutes." Cal. Code Regs. tit. 8, § 11140. Employees must be provided rest breaks at the rate of ten minutes for every four hours—or major fraction thereof—worked. *Id*.

The Complaint alleges that "Defendants employed hourly non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts longer than five (5) hours in length and shifts longer than ten (10) hours in length." (Compl. ¶ 26). Defendants also "employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour period of work as required by law." (*Id.* ¶ 28). The Complaint also alleges that:

> Defendants failed to pay Plaintiff and similarly situated employees a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant meal periods. Defendants employed policies and procedures which ensured that employees did not receive any meal period premium wages to compensate them for workdays in which they did not receive all legally required and compliant meal periods.

(*Id.* ¶ 29).

The Complaint further alleges that "Plaintiff and similarly situated employees regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and similarly situated employees." (*Id.* ¶ 34). According to the Complaint, "Defendants failed to pay Plaintiff and similarly situated employees a rest period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant rest periods." (*Id.* ¶ 35).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

As stated above, Lam declared, under penalty of perjury, that Defendant lululemon's records indicated that 8,072 putative class members worked 501,387 workweeks during the class period. (Lam Decl. ¶ 7). According to Defendant lululemon's employment records, the average pay rate per hour for those members was $19.69. (*Id*). "[I]f each putative class member experienced one meal period violation every other workweek, the amount in controversy for this cause of action alone amount to at least $4,936,155." (Notice ¶ 17). Defendant lululemon calculated the amount based on 501,387 employee workweeks x .5 meal period violations each workweek x $19.69 premium for each violation. Using a similar calculation, Defendant lululemon also calculated an amount in controversy of $4,936,155 as to the rest period violation. (Notice ¶ 20). Several courts have found that a conservative violation rate of 50% is proper. *See e.g., Marquez v. Toll Glob. Forwarding (USA) Inc.*, 2018 WL 3046965, at *3 (C.D. Cal. June 19, 2018) (finding a 50% violation rate reasonable where plaintiff alleged that defendant forced class members to "often forego a meal period and/or work during their meal period . . . ."); *see also Oda v. Gucci Am., Inc.*, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (finding defendant's assumption of a 50% violation rate reasonable where plaintiff's complaint alleged that defendant maintained a policy or practice of not paying meal or rest premiums, that class members sometimes did not receive all of their meal periods and that not all rest periods were given timely). Accordingly, the Court accepts Defendant luluemon's estimated violation rate and violation of meal and rest premiums calculations. Plaintiff argues in her Reply that Defendant lululemon provided "new and glaringly different calculation[s]" for meal and rest periods claims. The Court disagrees with this characterization. Defendant lululemon submitted a supplemental brief by Lam. (*See* Lam Supp. Decl., Dkt. No. 16-1). There, Lam stated, under penalty of perjury, that "8,072 putative class members lululemon identified from its records […] worked 501,387

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

workweeks during the class period." (Lam Supp. Decl. ¶ 6). Lam further stated that putative class members worked "at least 1,343,700 workdays within the period from September 3, 2021, to September 3, 2025. For 1,259,374 of those workdays (or 93.7% of the total), the hours worked exceeded 3.5 hours. For 971,656 of those workdays (or 72.3% of the total), the hours worked exceeded 5 hours. The average hours worked during a workday within this period was 5.97 hours." (*Id*. ¶ 8). As Defendant lululemon states, "[f]or purposes of amount in controversy calculations," it "assumed that employees experienced a meal period or rest period violation every other workweek." Even though Defendant lululemon used a lower violation rate and 971,656 workdays and 1,259,374 workdays to adjust the calculation for the alleged meals and rest claims respectively (instead of the 501,387 employee workweeks), the calculations for each of these two claims alone nearly meets the amount in controversy. (Opp'n at 9-10).

In fact, even if the Court applied a conversative 10% violation rate, the amount in controversy for the alleged meal period claim and rest period claim totals up to $1,913,190 (971,656 workdays x 10% violation rate x $19.69 average hourly rate) and $2,479,707 (1,259,374 workdays x 10% violation rate x $19.69 average hourly rate), respectively. (*Id*). The amount in controversy for both claims added up to $4,392,897. (*Id*.). As Defendant lululemon points out, "it would have been appropriate for [it] to select a much higher potential violation rate than 10%." (*Id*.).

Because the amount in controversy associated with Plaintiff's meals and rest claims, including attorney's fees for these two claims,[2] exceeds CAFA's requirement of $5,000,000, the Court declines to scrutinize Defendant lululemon's assumptions

---

[2] While Defendant lululemon did not provide a calculation for attorneys' fees award, the Court finds that attorney's fees at the benchmark rate of 25% may be added to the assumptions expressly addressed in this Order, pushing the amount in controversy on these two claims far above $5,000,000 on these two claims alone.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

underlying Plaintiff's remaining claims and related damages.  For the foregoing reasons,
the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**